96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Eugene SADLER, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 95-1177.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1996.
 
 Before: MARTIN, BATCHELDER, Circuit Judges, and Oliver, District Judge.*
 PER CURIAM.
 
 
 1
 In this appeal, habeas petitioner Robert Eugene Sadler, who is presently serving a life-time inmate in a Michigan penological institution, assails his conviction as violative of constitutional norms. The district court dismissed Sadler's petition in its entirety, for reasons outlined at length in its opinion and order. We AFFIRM.
 
 I.
 
 2
 On October 25, 1985, Sadler was convicted by a jury of his peers on two counts of first degree criminal sexual conduct in violation of MICH.COMP.LAWS § 750.520b (19____); two counts of armed robbery, in violation of MICH.COMP.LAWS § 750.529 (19____); one count of breaking and entering an occupied dwelling with the intent to commit larceny, in violation of MICH.COMP.LAWS, § 750.110 (19____); and one count of unlawfully driving away an automobile, in violation of MICH.COMP.LAWS § 750.413 (19____). On October 28, 1985, Sadler was convicted in a bench trial as an habitual offender under MICH.COMP.LAWS, § 769.12 (19____), on the bases of these, and three prior, felony convictions.
 
 
 3
 A divided panel of the Michigan Court of Appeals affirmed the conviction. The Michigan Supreme Court, however, reversed and remanded the case for a new trial.
 
 
 4
 On August 4, 1989, Sadler was convicted for a second time of all the same offenses, with one exception: One of the armed robbery counts was dismissed. On November 13, 1989, Sadler was again found guilty of being a fourth felony offender after a bench trial. Ultimately, Sadler was sentenced to a parolable life sentence as a fourth felony offender.
 
 
 5
 Sadler appealed, arguing prosecutorial misconduct and, in the alternative, ineffective assistance of counsel. The Michigan Court of Appeals affirmed his conviction, noting that Sadler had raised no objection at trial to four of the particular instances of prosecutorial misconduct, and therefore did not rest its ruling on an assessment of the substance of Sadler's claims. As to the remaining instances of purported misconduct, the Court of Appeals found them to be without merit. It summarily disposed of Sadler's ineffective assistance claim. The Michigan Supreme Court denied Sadler leave to appeal his conviction.
 
 
 6
 Sadler then brought this habeas corpus proceeding in federal court, raising the same assignments of error as in the Michigan Court of Appeals. After reviewing Sadler's habeas petition, the district court denied it in its entirety. Sadler timely appealed.
 
 II.
 
 7
 On appeal, Sadler attacks his second conviction on two grounds. According to Sadler, prosecutorial misconduct during the course of his second trial vitiated his right to a fair trial. In the alternative, Sadler contends that his trial counsel was constitutionally deficient.
 
 
 8
 In a thorough opinion, which adopted in substantial part the Report and Recommendation of a Magistrate Judge, the district court dismissed Sadler's habeas petition in its entirety. In short, the district court reasoned that Sadler had defaulted his right collaterally to attack several instances of prosecutorial misconduct,[1] and that Sadler did not establish either (a) cause[2] and prejudice or (b) "actual innocence" so as to enable the court to consider the defaulted claims on collateral review. Murray v. Carrier, 477 U.S. 478 (1986).[3] The district court also reasoned that the remaining claims of prosecutorial misconduct lacked merit.[4] And finally, the district court concluded that Sadler's mere showing that trial counsel failed to object to those instances of prosecutorial misconduct that had been held to be procedurally barred did not meet his burden of demonstrating ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1983).
 
 
 9
 We have given careful consideration to the parties' briefs and to the joint appendix compiled by the parties. We have come to the firm conclusion that the district court's written opinion in this case correctly lays out the reasons why Sadler's habeas petition must be dismissed in its entirety. We, therefore, AFFIRM the district court in all respects, except as noted in footnote 3, supra.
 
 
 
 *
 The Hon. Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Specifically, the district court found that the following instances of alleged prosecutorial misconduct were procedurally defaulted: (1) that the prosecution made improper use of defendant's prior misconduct to establish his disrespect for the law; (2) that the prosecution improperly shifted the burden of proof by making certain in court statements, as well as by eliciting the testimony of defense witness Michael Dove; and (3) the prosecution improperly shifted the burden of proof by referring to the fact that Sadler had been represented by multiple attorneys
 
 
 [2]
 The district court's inquiry into whether there was "cause" for Sadler's failure to preserve the various instances of prosecutorial misconduct for review in federal collateral proceedings tracked the court's inquiry into whether Sadler could make out an ineffective assistance of counsel claim. If counsel was ineffective, as the district court explained, Sadler's failure to object to the defaulted claims might have been for cause shown. The district court's rejection of Sadler's ineffective assistance claim precluded that court from considering the barred claims on their own merits
 
 
 [3]
 The district court registered its disagreement with one noteworthy aspect of the Magistrate Judge's Report and Recommendation. The Magistrate Judge considered the merits of those instances of prosecutorial misconduct that the Michigan Court of Appeals had found to be procedurally barred in the course of assessing Sadler's claim that prosecutorial misconduct rendered his trial "fundamentally unfair." As the district court explained, the Magistrate Judge proceeded on the theory that our decision in Angel v. Overberg, 682 F.2d 605 (6th Cir.1982), permits a habeas court to consider such defaulted misconduct in determining whether a defendant has been denied a right to a "fundamentally fair" trial. This case does not require us to decide whether a court can or must consider even procedurally defaulted instances of prosecutorial misconduct when considering whether a trial was fundamentally unfair in light of all the circumstances of a trial. The parties have not fully briefed this issue, and, we believe, our resolution of this important question would in no way alter our affirmance of the district court's disposition of Sadler's habeas petition
 
 
 [4]
 Relative to the merits of Sadler's non-procedurally barred claims of prosecutorial misconduct, the district court held that: (1) the government, Sadler's assertion notwithstanding, did not violate Sadler's right to cross examine a non-testifying co-defendant under Bruton v. United States, 391 U.S. 123 (1968), because the testimony of the government's witness that Sadler challenges was unexpected testimony and Sadler already knew that he had been implicated in the crime by one of his codefendants; (2) the government properly elicited impeachment testimony from one of Sadler's witnesses, Todd Evans, in the form of prior inconsistent statements in order to refresh the witness's memory and that, in any event, such testimony was duplicative of other testimony that went unchallenged by Sadler, JA at 24-25; (3) the government did not commit prosecutorial misconduct by prompting one of its witnesses to testify that Sadler's father had threatened her if she chose to testify against Sadler, because such testimony was designed to rehabilitate the witness after Sadler suggested that she had a motive to lie about his involvement in the criminal activity at issue in the trial